UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:18-cv-00178-MOC-DSC

| | | |
|---|---|---|
| **NIKKIA HENDERSON WORRELL**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER DISMISSING ACTION |
| | ) | WITH PREJUDICE |
| **A WOMAN'S VIEW, P.A.** | ) | |
| **ANITA MONTES** | ) | |
| **CLAIRE HARRAGHY** | ) | |
| **LAURA FARUQUE**, | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on defendants' Motion to Dismiss (#2). Plaintiff filed this lawsuit in October 2018 in state court, and defendants timely removed to this Court. Inasmuch as plaintiff is proceeding *pro se*, the Court issued a Roseboro Order (#4) in response to the present motion advising plaintiff of her right to respond or risk dismissal with prejudice. Plaintiff has responded, and defendants have since replied.

This matter involves claims for tortious interference with contractual relationship and interference with prospective economic advantage based on defendants' proffer of allegedly unfavorable information to a hospital credentialing committee. Defendants have moved to dismiss both claims in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that (1) the three-year statute of limitation has passed and (2) state law protections regarding hospital credentialing committees preclude plaintiff from obtaining the information she needs to prove her claims.

-1-

After independent review of the removed Complaint[1], defendants' motion, and all related

filings, the Court concurs in defendants' Rule 12(b)(6) argument and enters the following findings,

conclusions, and Order dismissing this action.

## FINDINGS AND CONCLUSIONS

### I.        Factual Background

Plaintiff, a physician, worked for A Woman's View, P.A. from April 2013 to June 2015.

Around the end of January 2015, the owners of A Woman's View decided not to renew plaintiff's

contract with the practice.  It was agreed, at plaintiff's request, that she could remain employed at

A Woman's View through the remainder of the school year, or mid-June 2015.  Meanwhile,

plaintiff continued performing labor, delivery, and C-sections services for patients at the practice.

In May 2015, plaintiff received a job offer from WellStar Healthcare in Atlanta, where she was

scheduled to begin employment in the first half of August 2015.  Plaintiff applied for both her

State of Georgia Medical License and hospital credentialing in May 2015, which required

information from her previous employer, defendants.

Plaintiff could not begin the position with WellStar Healthcare in August 2015 because she

was unable to get the requisite credentialing.  At an unspecified point in time, plaintiff asked

defendants whether they had caused a problem with her credentialing.  Defendants responded on

October 6, 2015—after the alleged problems with credentialing occurred—that they had

---

[1] The Court also concludes that, despite the "resident defendant rule," diversity jurisdiction exists and removal was proper inasmuch as plaintiff did not interpose a resident defendant challenge within the time allowed. 28 U.S.C. § 1441(b); see also Miller ex rel. Estate of Dimas v. Morocho Brother's Const., Inc., No. 103-CV-924, 2004 WL 727040, at *4 (M.D.N.C. Mar. 31, 2004) ("Although courts often use the terms 'removal jurisdiction' and 'subject matter jurisdiction' interchangeably, the issue of whether a court has subject matter jurisdiction and the issue of whether a court has removal jurisdiction involve separate considerations in the context of a motion to remand."); Hurley v. Motor Coach Indus., Inc., 222 F.3d 377, 379–80 (7th Cir. 2000) (noting section 1441(b)'s resident defendant rule is non-jurisdictional and a plaintiff must object to removal on the basis of the presence of a resident defendant within thirty days under 28 U.S.C. § 1447(c)), cert. denied, 531 U.S. 1148, reh'g denied, 532 U.S. 990 (2001).

previously submitted answers that reflected that she lacked skills and abilities surrounding her job. Plaintiff voluntarily resigned from the offered job so that a "denial of credentialing" would not be a part of her record. Plaintiff alleges that defendants' response to her credentialing application has caused her to suffer various damages.

**II.      Standard of Review Under Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal for failure to state a claim upon which relief can be granted. The purpose of a Rule 12(b)(6) motion is to eliminate claims that are factually or legally insufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To survive a motion to dismiss, a pleading must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). In making this determination, "a court accepts all well-pled facts as true and construes these facts in the light most favorable" to the plaintiff, but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet Ltd. v. Consumeraffairs.com, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

Although the truth of all plausible facts alleged is assumed, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkts. Inc. v. J.D. Assocs., LLP, 213 F. 3d 175, 180 (4th Cir. 2000). If plaintiff's claims are plausible, the complaint survives a motion to dismiss under Rule 12(b)(6), regardless of whether there is a more plausible alternative explanation. Twombly, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.").

In sum, dismissal under Rule 12(b)(6) is proper "when on its face the complaint reveals either no law supports the plaintiff's claim or the absence of fact sufficient to make a good claim, or when some fact disclosed in the complaint necessarily defeats the plaintiff's claim." Esancy v. Quinn, No. 5:05-CV-26, 2006 WL 322607, at *3 (W.D.N.C. Feb. 10, 2006) (quoting Andrews v. Elliot, 109 N.C. App. 271, 274 (1993)). Finally, in applying these standards, the Court has kept in mind its obligation to liberally construe the pleadings of a *pro se* litigant.

When considering whether an action is time barred, the statute of limitations "is an affirmative defense, which can be the basis of a motion to dismiss under Rule 12(b)(6). Dickinson v. Univ. of N. Carolina, 91 F. Supp. 3d 755, 763 (M.D.N.C. 2015) (citing Dean v. Pilgrim's Pride Corp., 395 F.3d 471, 474 (4th Cir. 2005)). In considering the statute of limitations defense at the Rule 12(b)(6) stage of litigation, the Court remains mindful that "the burden of proving an affirmative defense rests with a defendant," and that "all facts necessary to show the time bar must clearly appear 'on the face of the complaint.'" Id. (quoting Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007)).

### III.     Discussion

The statute of limitations for plaintiff's claims is three years. See N.C. Gen. Stat. § 1–52.2. Plaintiff does not dispute that North Carolina law is clear that a cause of action accrues (and the statute of limitations begins accruing) when the wrong is complete, even though the injured party did not then know the wrong had been committed. Tate v. Calloway, 224 N.C. App. 227 (2012). In fact, plaintiff acknowledges the limitations period began on or about August 2015, the date of her alleged injury, making her deadline for filing this action not later than August 2018. Suit was not filed, however, until October 2018 and review of the pleadings does not reveal that defendants

interposed any barriers that delayed plaintiff in filing this action, as discussed in greater detail below. Thus, it appears from the pleadings that this action is time barred.

Plaintiff does argue that defendants should be equitably estopped from asserting the statute of limitations as a defense because they "behaved in a manner that prevented her from knowing when they acted" and "should not benefit from preventing that knowledge." Pl.'s Mot. (#6-1) at 7. Plaintiff also argues she has sufficient evidence of defendant's harmful conduct that is not protected by the peer review privilege statute to support her claims. See N.C. Gen. Stat. § 131E-95(b). Even if the latter is true, the Court finds there is no basis for equitably estopping defendants from asserting the statute of limitations defense or equitably tolling the statute of limitations. As this action is time barred, the Court need not determine whether plaintiff would be able to produce evidence to support her claims.

### A. Equitable Estoppel

"The doctrine of estoppel by conduct—estoppel *in pais*—rests upon principles of equity . . . [and] is designed to aid the law in the administration of justice when without its aid injustice would result." Hawkins v. M. & J. Fin. Corp., 238 N.C. 174, 177 (1953). "The lapse of time, when properly pleaded, is a technical legal defense. Nevertheless, equity will deny the right to assert that defense when delay has been induced by acts, representations, or conduct, the repudiation of which would amount to a breach of good faith." Nowell v. Great Atl. & Pac. Tea Co., 250 N.C. 575, 579 (1959); Bryant v. Adams, 116 N.C. App. 448, 459–60 (1994).

"[A] defendant may properly rely on a statute of limitations as a defensive shield against stale claims, but may be equitably estopped from using a statute of limitations as a sword, so as to unjustly benefit from its own conduct which induced a plaintiff to delay filing suit." Leciejewski

v. S. Entm't Corp., No. 1:09-CV-995, 2011 WL 1458505, at *4 (M.D.N.C. Apr. 15, 2011) (quoting

Friedland v. Gales, 131 N.C. App. 802, 806 (1998)). Equitable tolling is available only in "those

rare instances where–due to circumstances external to the party's own conduct–it would be

unconscionable to enforce the limitation period against the party and gross injustice would result."

Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). Such "rare instances" may include situations

where plaintiff was induced or tricked by defendant's fraudulent misrepresentations into allowing

the filing deadline to pass. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990).

The elements of equitable estoppel are:

(1)     conduct which amounts to a false representation or concealment of material facts, or, at least, which is reasonably calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party afterwards attempts to assert;
(2)     intention or expectation that such conduct shall be acted upon by the other party, or conduct which at least is calculated to induce a reasonably prudent person to believe such conduct was intended or expected to be relied and acted upon;
(3)     knowledge, actual or constructive, of the real facts. As related to the party claiming the estoppel, they are: (1) lack of knowledge and the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party sought to be estopped; and (3) action based thereon of such a character as to change his position prejudicially.

Hawkins, 238 N.C. at 177–78. For equitable estoppel to toll the statute of limitations, a plaintiff

must plead supporting facts with particularity and demonstrate that defendant's representations

delayed her from filing suit. Duke Univ. v. St. Paul Mercury Ins. Co., 95 N.C. App. 663, 673

(1989).

1.     **Intentional Misrepresentation or Concealment**

First, plaintiff does not allege facts to show that defendants intentionally misrepresented or

concealed material facts *after* they provided information to the hospital credentialing committee,

let alone with the intent of causing plaintiff to delay filing suit. The alleged "misrepresentations"

by defendants consists of collegial, professional gestures toward plaintiff and allegedly telling her they would give her a recommendation, presumably favorable, all before her departure and the alleged wrongful conduct before the credentialing committee.

Considering plaintiff's argument in a light most favorable to her, to the extent that the alleged promise of a favorable recommendation is considered a misrepresentation, it occurred before the cause of action arose and is not legally actionable.[2] See Wilkerson v. Christian, No. 1:06-CV-871, 2008 WL 483445, at *8 (M.D.N.C. Feb. 19, 2008) ("[A] defendant's conduct **before** the accrual of a cause of action, whether by representation or omission, is legally insufficient to permit the court to estop a defendant's pleading the statute of limitations.") (emphasis added).

Plaintiff does not claim that defendants took steps to either conceal or prevent her from determining that she had been injured in August 2015. Nor does plaintiff allege lulling, as there are no allegations that she told defendants that she was considering suing them and that they then misled her in an effort to delay her in filing suit. While plaintiff appears to imply that defendants may have concealed the fact that they gave her poor peer reviews until October 2015, she does not state when she asked defendants about their recommendation to the credentialing committee.

While the burden is on defendants in asserting the affirmative defense of the statute of limitations, Dickinson, 91 F. Supp. 3d at 763, the burden of producing evidence or even arguments that would support estoppel is on plaintiff. Even under a liberal construction, the Court cannot assume that defendants inappropriately delayed in responding to plaintiff at all, much less intentionally. As such, plaintiff has failed to allege facts sufficient to show the first two required elements of estoppel: representation and intent.

---

2 Plaintiff admits that defendants were "required" to reply to her credentialing applications, so she cannot argue that she would not have listed them on the applications had she known about their true feelings

## 2. Knowledge

Second, plaintiff's allegations, even liberally read, show she cannot meet the knowledge requirement for equitable estoppel. To succeed, plaintiff must have lacked knowledge and means to discover the nature of defendants' response to the hospital credentialing committee. The pleadings show that plaintiff knew in August 2015 that she had been injured and that defendants had provided information to the credentialing committee, whether good or bad. Further, plaintiff apparently suspected that defendants may have played a role in that injury earlier than October 2015 as demonstrated by her asking defendants about the information they provided to the credentialing committee.

In any event, plaintiff knew defendants allegedly provided negative information about her work performance to the credentialing committee long before the statute of limitations expired in August 2018, and she does not explain the basis for her delay. This also defeats application of the equitable estoppel defense. Biltmore Ave. Condo. Ass'n, Inc. v. Hanover Am. Ins. Co., No. 1:15-CV-43, 2015 WL 12731927, at *3 (W.D.N.C. Sept. 3, 2015), report and recommendation adopted, 2016 WL 406463 (W.D.N.C. Feb. 2, 2016) (granting Rule 12 motion to dismiss on statute of limitations grounds, holding: "Fatal to Plaintiff's assertion of the equitable estoppel defense is the fact that Plaintiff had knowledge of the real facts giving rise it its breach of contract claim *prior to* the expiration of the statute of limitations.") (emphasis added); see also Ferro v. Volvo Penta of the Americas, LLC, No. 5:17-CV-194, 2017 WL 3710071, at *5 (E.D.N.C. Aug. 28, 2017), aff'd sub nom. Ferro v. Volvo Penta of the Americas, LLC, 731 F. App'x 208 (4th Cir. 2018) (same; "plaintiff, by his own admissions, was plainly aware of any issues with the parts and boat by March of 2013, and yet he does not explain why he then waited four years and allowed many of the

applicable deadlines to lapse before filing this lawsuit."); cf. Friedland v. Gales, 131 N.C. App. 802, 809 (1998) ("[I]n consequence of defendant's conduct, plaintiff was without knowledge of those facts and without means to discover them within the period of the statute of limitations, thereby relying to his detriment on defendant's conduct . . . defendant is equitably estopped from asserting the statute of limitations as a bar to plaintiff's claim.") Plaintiff cannot establish that she lacked knowledge or means of knowledge about whether defendants caused her harm, which alone, is fatal to her equitable estoppel argument.

Finally, plaintiff has provided no explanation at all as to why she waited over three years to assert her claims. She does not claim that defendants misrepresented or concealed facts that caused her to delay filing and miss the August 2018 deadline. Nor does she argue the harm continued to October 2015 such that the statute of limitations would begin running on that date. Plaintiff may not have known the precise date of the action that caused her injury, but she did know the alleged action must have taken place in or before August 2015. The fact that she did not learn the actual cause of her injury until October 2015 is inconsequential to calculating the statute of limitations, and it did not impact her ability to meet the August 2018 filing deadline.

Even when the Court reads plaintiff's *pro se* filings liberally, it is readily apparent that the Complaint does not contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. The Court concurs in defendants' Rule 12(b)(6) argument and will dismiss this action based on plaintiff's failure to bring suit within the statute of limitations.

### B.      Equitable Tolling through Fraudulent Concealment

Generally, a cause of action accrues when the wrong is complete, not when the person wronged discovers the injury. As the North Carolina Court of Appeals has held, "the period of the

statute of limitations begins to run when the plaintiff's right to maintain an action for the wrong alleged accrues." Tate v. Calloway, 224 N.C. App 227, 2012 WL 6018139, at \*4 (2012). While equitable estoppel does not prevent defendants from asserting the statute of limitations in this case, as discussed above, the Court must also consider whether the allegations provide any basis for *tolling* the statute of limitations. Reading the pleadings in a light most favorable to plaintiff, she may be arguing that defendant's alleged promise to provide a favorable recommendation amounted to fraudulent concealment of the fact that it would be providing an unfavorable report to the credentialing committee.

Unlike equitable estoppel, which operates to preclude a defendant's pleading of the statute of limitations, fraudulent concealment is an equitable doctrine which can toll the running of the statute of limitations. Wilkerson, 2008 WL 483445, at \*11. Also unlike equitable estoppel, "fraudulent concealment can be grounded in inequitable conduct occurring prior to the accrual of a cause of action." Id. at \*12. However, where "a plaintiff does not allege reliance on the defendant's misrepresentations or omissions, the plaintiff does not allege an inequity necessitating the tolling of the statute of limitations." Id. Here, the Court's focus is on plaintiff's contention that defendants would give her a favorable recommendation, but in the credentialing process revealed problems they perceived with plaintiff's performance. Assuming that the difference between the representation and what was actually done could amount to inequitable conduct, the plaintiff has failed to allege how that conduct prevented her from discovering the alleged wrong in August 2015 or, subsequently, prevented her from timely filling an action. In Charlotte Telecasters, Inc. v. Jefferson–Pilot Corp., 546 F.2d 570 (4th Cir. 1976), the Court of Appeals for the Fourth Circuit held:

> A complaint, (to avoid the statute of limitations,) must state ... distinct averments as to the time when the fraud, mistake, concealment, or misrepresentation was discovered, and what the discovery is, so that the court may clearly see, whether, by the exercise of ordinary diligence, the discovery might not have been before made.

Id. at 574 (citation omitted). Indeed, "[o]ne may not avoid the effect of the statute of limitations on the ground of fraudulent concealment if he or she fails to plead or offer evidence as to when he or she discovered the alleged fraud." 51 Am. Jur. 2d Limitation of Actions § 163.

If plaintiff is contending that defendants fraudulently concealed, after August 2015, the fact that they had given adverse information to the credentialing committee, she does not allege when she asked them. Instead, she only states that defendants responded to her inquiry about the substance of their recommendation to the credentialing committee in October 2015. Finally, it is clear from the pleadings that plaintiff knew in advance that the Georgia credentialing and licensing process would require information from the defendant, Compl. ¶¶ 17, 18, 22, that she suspected that negative information had been provided by defendants, and that she even asked defendants about it, but she has failed to allege when that occurred. Id. ¶ 23. Finally, plaintiff has failed to provide any allegations sufficient for this Court to conclude that she relied on any fraudulently concealed fact in deciding not to file her action until October 2018.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendants' Motion to Dismiss (#2) is **GRANTED**, and this action is **DISMISSED** with prejudice.

Signed: February 4, 2019

Max O. Cogburn Jr
United States District Judge